DAVID SILBERSTEIN, SAMUEL SILBERSTEIN and JOSEPH SILBERSTEIN, Doing Business as New York Manufacturing Company, Plaintiffs, *v.* LOUIS BEGUN, WILLIAM BEGUN and JOSEPH LACHOWITZ, Doing Business as Begun & Co., Defendants.

(Supreme Court, New York Trial Term, May, 1919.)

Judgments — Municipal Court of city of New York.

> While the Municipal Court of the city of New York may render a judgment only in the sum of $1,000 as a maximum there is no rule or statute which prevents said court from fixing a party's damages for a larger amount.

> Where in a Municipal Court action brought by the defendants herein against the plaintiffs herein to recover $161.13 for goods sold and delivered the defendants were awarded a judgment of $1,000 upon their counterclaim for $3,155 for damages for breach of contract less $161.13, the amount of the claim of the plaintiff in that action, the judgment entered for the balance is an adjudication between the parties in an action to recover the balance of said counterclaim, and a motion to dismiss the complaint in such action will be granted.

ACTION to recover damages for breach of a contract.

Burnstine & Geist, for plaintiffs.

Morrison & Schiff, for defendants.

NEWBURGER, J. Plaintiffs seek to recover $2,155 damages and interest for breach of a contract made with them by defendants. It appears the defendants herein instituted an action in the Municipal Court, borough of The Bronx, against the plaintiffs herein to recover the sum of $161.13 for goods sold and delivered. In that action the plaintiffs here interposed a counterclaim for $3,155 damages for breach of contract on the part of the defendants herein, but plaintiffs in that action. A trial was had and the justice awarded a

judgment to the plaintiffs herein for $1,000 as damages on their counterclaim, less $161.13 awarded to defendants herein, the plaintiffs in that action, being the amount for which the action was brought. The question to be determined herein is, was the award made by the Municipal Court justice an adjudication between the parties? The plaintiffs herein claim that, as the Municipal Court was limited in awarding but $1,000 for their damages, they are entitled to recover the difference between the amount awarded and their actual damages in this action. While it is true that the Municipal Court is limited in awarding a judgment only in the sum of $1,000 as a maximum, I know of no rule or statute that would prevent a Municipal Court justice in fixing a party's damages for a larger amount. He is limited only in the amount for which he may direct a judgment. In this case it appears from an examination of the judgment roll that the justice fixed plaintiffs' damages herein at $1,000 and deducted therefrom the sum of $161.13, the amount plaintiffs herein owed for goods actually delivered, and entered judgment for $838.87. In the absence of other proof I must assume that the justice fixed the plaintiffs' damages at the sum stated not by reason of any lack of jurisdiction, but as the only amount plaintiffs were entitled to. While the plaintiffs herein were forced into the Municipal Court by the commencement of the action, they were not required to litigate their claim for damages, but might have set it up as an offset and thus reserve to themselves the right to institute an action in this court for such damages as they claimed they were put to, but, having litigated the question and sought a recovery, they are bound by the result of the judgment. The motion to dismiss the complaint must therefore be granted.

Motion granted.